# STATE OF MICHIGAN

# COURT OF APPEALS

---

WILLIAM SIM SPENCER,

      Plaintiff-Appellant,

v

BENZIE COUNTY PROSECUTING
ATTORNEY,

      Defendant-Appellee.

UNPUBLISHED
November 14, 2017


No. 337827
Benzie Circuit Court
LC No. 16-010475-CZ

---

Before: HOEKSTRA, P.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

Plaintiff filed this action seeking to enjoin prosecution against him based on retroactive application of the 2006 and 2011 SORA amendments. The trial court denied his request. For the reasons set forth below, we reverse and remand.

In 2001, plaintiff was convicted of several counts of second-degree criminal sexual conduct. MCL 750.520c. Pursuant to those convictions, plaintiff was subject to the requirements of the Sex Offenders Registration Act (SORA). MCL 28.721 et seq. While plaintiff was in prison, the legislature amended SORA, once in 2006 and once in 2011. These amendments added to the duties of registrants and categorized registrants in tiers based on the particular crimes of conviction.

In the trial court, plaintiff asserted, *inter alia*, that the additional requirements for registrants adopted in the amendments could not constitutionally be applied to him as he was sentenced before their adoption. He based his argument on the Sixth Circuit Court of Appeals' decision in *Does #1-5 v Synder*, 834 F3d 696, 705-706 (CA 6 2016), cert den ___ S Ct ___ (2017), which held that SORA registration constitutes punishment for purposes of the ex post facto clause of the United States Constitution, and so the 2006 and 2011 amendments to SORA could not be constitutionally applied to those convicted prior to their effective dates. In seeking injunctive relief, plaintiff advised the trial court that under the 2011 amendments, he would have to take action to comply with them within weeks and if he did not do so, he was likely to be prosecuted.

In response to the motion, defendant prosecutor stated its agreement that the *Does* decision was binding on the state of Michigan, but argued that the matter was not ripe, i.e. there was no need for injunctive relief. The trial court agreed, despite the fact that plaintiff

-1-

supplemented his motion alleging that he had received notice that he was being prosecuted by a third-party for violation of the 2011 SORA amendments.[1]

Plaintiff is correct that in *Does*, the Sixth Circuit Court of Appeals held that retroactive application of the 2006 and 2011 SORA amendments violates the Ex Post Facto Clause of the United States Constitution. US Const, art I, § 10. And notably, the U.S. Supreme Court recently denied the state's petition for certiorari. *Snyder v. Does #1-5*, ___ S Ct ___ (2017). In addition, in a letter to the Michigan Supreme Court, the Solicitor General of Michigan stated that *Doe* is entitled to "precedential weight" and that "the State waives the argument that it may retroactively apply the 2006 and 2011 amendments to [SORA]." October 10, 2017 Supplemental Authority Letter from the Solicitor General to Larry Royster, Clerk of the Court, *People v Temelkowski*, 901 NW2d 842 (2017).

The precise question raised in this case, i.e. whether a pre-amendment SORA registrant may seek injunctive relief to prevent such a prosecution, was recently addressed in *Roe v Snyder*, 240 F Supp 3d 697 (ED Mich, 2017), where the federal district court granted the sought injunctive relief. The plaintiffs in *Roe* were registered sex offenders convicted prior to the SORA amendments. *Id*. at 701. The district court found that despite the lack of any pending prosecution, the plaintiffs had standing and that the action was neither moot nor unripe. *Id*. at 704-705, 708-711. Judge Goldsmith's opinion is cogent and consistent with basic notions of fidelity to the law. Accordingly, we adopt the reasoning of that opinion. Judge Goldsmith wrote:

> In a pre-enforcement challenge, whether the plaintiff has standing to sue often turns upon whether he can demonstrate an 'injury in fact' before the state has actually commenced an enforcement proceeding against him. An allegation of future injury may' satisfy the injury-in-fact requirement if the alleged 'threatened injury is certainly impending, or there is a substantial risk that the harm will occur. Specifically, a plaintiff satisfies the injury-in-fact requirement in the pre-enforcement context where [i] he alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but [ii] proscribed by statute, and [iii] there exists a credible threat of prosecution thereunder. An actual arrest or prosecution is not necessary to establish standing when the "credible threat" of such is sufficiently imminent. [S]ee also *Steffel v. Thompson*, 415 US 452, 459, 94 S Ct 1209, 39 L Ed 2d 505 (1974) ("[I]t is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his

---

[1] At the time of oral argument in this Court, plaintiff further advised that a criminal action against him for a SORA violation is pending in Benzie County for a SORA violation he asserts is based solely on the mandates of the 2006 and 2011 amendments. According to plaintiff, the third party is the Grand Traverse prosecutor acting as special prosecutor assigned to prosecute plaintiff because the Benzie County prosecutor recused herself from the prosecution due to this civil action in which she is a defendant.

constitutional rights."). [*Roe*, 240 F Supp 3d at 704 (quotation marks and citations omitted).]

In the instant case, plaintiff has alleged, and defendant has not denied, that plaintiff has received warnings about possible prosecution and that he has, at some point since his release, actually been charged with a SORA violation.[2] Accordingly, he has demonstrated a "credible threat of prosecution." *Roe*, 240 F Supp 3d at 707.

Moreover, the harm to plaintiff is not merely the instant criminal prosecution, but the danger of arrest and prosecution at a future time or place and the practical requirement that he accept the constraints of the 2006 and 2011 amendments to avoid that risk. Even if the pending criminal action is dismissed, that constraint will continue. In other words, plaintiff must adhere to a substantial limitation on his freedom based upon statutory provisions that do not apply to him, and live under the specter of arrest and prosecution for a 15-year offense should he fail to do so. That is an ongoing harm and is irreparable. This constitutes grounds for an injunction that a dismissal of the pending criminal charges cannot cure.

Accordingly, we remand for entry of an order enjoining the prosecution of plaintiff for charges based on a violation of the requirements set forth in the 2006 and 2011 SORA amendments. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ Douglas B. Shapiro

---

[2] Judge Goldsmith also noted:

> Following *Does # 1–5*, the Prosecuting Attorneys Coordinating Council ("PACC")—which is "an autonomous entity in the department of attorney general" established by statute, see MCL 49.103(1), with Attorney General Bill Schuette serving as Vice Chair—advised all prosecutors in Michigan that " '[e]nforcement of the SORA amendments retroactively in light of [*Does # 1–5*] should be made with care and independent examination of the scope of the Opinion and law.' " [*Roe*, 240 F Supp 3d at 706.]

Judge Goldsmith characterized this advisory "as a "yellow light" to prosecuting authorities, when only a "red light" will do". *Id*. at 706-707.